OPINION
On May 11, 2001, appellant, Lance Schaefer, was charged with disorderly conduct and possession of marijuana in violation of Ashland City Ordinances 509.03(B)(2) and 513.03(C)(2), respectively.
On July 25, 2001, appellant filed a motion to dismiss, contesting the constitutionality of the ordinances. By opinion and judgment order filed July 30, 2001, the trial court found the ordinances to be constitutional and denied the motion.
On August 17, 2001, appellant pled no contest to the possession charge. The disorderly conduct charge was dropped. The trial court found appellant guilty and sentenced him to thirty days in jail, fifteen days suspended, ordered him to pay a fine of $250.00 plus court costs and suspended his driver's license for six months.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN FINDING THAT THE SENTENCING UNDER ASHLAND CITY ORDINANCE SECTION 513.03(C)(2) IS CONSTITUTIONAL.
 II. DISPARATE SENTENCING UNDER ASHLAND CITY ORDINANCE SECTION 513.03(C)(2) IS UNCONSTITUTIONAL.
 I, II
Under these assignments of error, appellant challenges his sentence, claiming Ashland City Ordinance 513.03(C)(2) is unconstitutional.
Ashland City Ordinance 513.03 governs the possession of a controlled substance. Subsection (C)(2) states if the drug involved in the violation is marijuana under two hundred grams, the offense is a misdemeanor of the fourth degree. In contrast, the comparable state statute, R.C.2925.11(C)(3)(a), mandates that the possession of marijuana under one hundred grams is a minor misdemeanor.
Appellant argues 513.03 is unconstitutional because it provides for a potentially more severe sanction than the state code. This argument has been reviewed and rejected by the Supreme Court of Ohio in City of Nilesv. Howard (1984), 12 Ohio St.3d 162, City of Toledo v. Bert (1961),172 Ohio St. 371, City of Dayton v. Miller (1951), 154 Ohio St. 500, andStruthers v. Sokel (1923), 108 Ohio St. 263. The City of Niles court reviewed the same issue raised sub judice and held the following at 165:
 When a municipal ordinance varies in punishment with the state statute such ordinance is not in conflict with the statute when it only imposes a greater penalty. If the Niles ordinance had altered the degree of punishment to a felony rather than a misdemeanor it would have been unconstitutional. However, since the ordinance only increased the penalty from a lesser misdemeanor to a first degree misdemeanor, it is not in conflict with the general laws of Ohio.
Appellant argues it is time to re-examine this issue, and urges this court to declare the City of Niles case unconstitutional. We find no need to revisit this issue as we are required to follow and give due deference to the precedent set by the Supreme Court of Ohio. Krase v. State
(1972), 31 Ohio St.2d 132.
Assignments of Error I and II are denied.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Ashland Municipal Court of Ashland County, Ohio is affirmed.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.